IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ZACHARIAH LEWIS ROSS, | * |
| Plaintiff, | * |
| | * Civ. No. MJM-25-2936 |
| v. | * |
| SHADY GROVE REPRODUCTIVE SCIENCE CENTER, *et al.*, | * |
| Defendants. | * |

* * * * * * * * * *

**MEMORANDUM ORDER**

This civil matter was filed in the Circuit Court for Anne Arundel County, Maryland on May 9, 2025. Plaintiff Zachariah Lewis Ross ("Plaintiff") asserts various tort claims under state law against defendants Shady Grove Reproductive Science Center, P.C. ("Defendant SG") and Tiffany Lucas. ECF 7. Service was effected upon Ms. Lucas by June 23, 2025.

Ms. Lucas filed a notice of removal on September 5, 2025, removing the case to this Court. ECF 1. On September 23, Plaintiff filed a motion to remand the case to state court. ECF 13. Ms. Lucas filed a response in opposition to this motion, as well as a motion seeking a hearing on the matter of removal, ECF 10, and a motion asking the Court to retain jurisdiction, ECF 17. On October 14, Defendant SG filed a response to Ms. Lucas's motion to retain federal jurisdiction. ECF 22. On October 20, Plaintiff responded in opposition to Ms. Lucas's motion to retain federal jurisdiction and replied in support of his motion to remand. ECF 23. On October 21, Ms. Lucas filed replies to Plaintiff's and Defendant SG's submissions. ECF 24 & 25. No hearing is necessary to resolve the pending motions. *See* Loc. R. 105.6 (D. Md. 2025). For the several reasons explained below, Plaintiff's motion to remand is granted, Ms. Lucas's motions are denied, and the case shall be remanded to state court.

1

Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States" and "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. §§ 1331, 1332(a)(1). When a plaintiff files such an action in state court, the case "may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). The defendant seeking removal bears the burden of showing the Court has jurisdiction over the removed action. *See Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)); *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004).

The Court strictly construes removal statutes because "the removal of cases from state to federal court raises significant federalism concerns." *Barbour v. Int'l Union*, 640 F.3d 599, 605 (4th Cir. 2011) (en banc), *abrogated in part on other grounds by* 28 U.S.C. § 1446(b)(2)(B); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941). "[A]ny doubt about the propriety of removal should be resolved in favor of remanding the case to state court." *Barbour*, 640 F.3d at 617. Therefore, the Court must remand the case "[i]f federal jurisdiction is doubtful." *Mulcahey*, 29 F.3d at 151; *see also Elliott v. Am. States Ins. Co.*, 883 F.3d 384, 390 (4th Cir. 2018).

Removal is improper under § 1446(b) because Ms. Locus waited more than 30 days to remove the case to this Court. Based on the case information sheet in the state case, it appears that she was served with a copy of the Complaint by June 23, 2025. *Zachariah Ross vs. Shady Grove*

2

*Reproductive Science Center, P.C., et al.*, Case No. C-02-CV-25-001425 (Md. Cir. Ct. Anne Arundel Cnty.); available at https://perma.cc/L374-4EYA (last visited October 27, 2025). Therefore, Ms. Locus's notice of removal, filed on September 5, 2025, is untimely.

Moreover, 28 U.S.C. § 1446(b)(2)(A) requires "defendants who have been properly joined and served" to "join in or consent" to removal. *Mayo v. Bd. of Educ. of Prince George's Cnty.*, 713 F.3d 735, 740–41 n.1 (4th Cir. 2013). Here, Ms. Lucas's notice of removal fails to demonstrate Defendant SG's consent to removal. To the contrary, Defendant SG has confirmed that it did not, and it does not, consent to removal. *See* ECF No. 22.[1] The case must be remanded for this reason alone.

Even if the removal was timely and effected with the consent of all defendants, remand would be warranted because Plaintiffs' state-law tort claims do not give rise to federal question jurisdiction.

Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998) (citation omitted). "[T]he vast majority of cases brought under the general federal-question jurisdiction of the federal courts are those in which federal law creates the cause of action." *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986).

To determine whether a case falls within federal question jurisdiction, the court must "first discern whether federal or state law creates the cause of action. . . . In cases where federal law

---

[1] Ms. Lucas offers several arguments that Defendant SG's consent is not required. ECF No. 24. These arguments are misplaced, and some defy logic. The Court is not persuaded by any of them.

*creates* the cause of action, the courts of the United States unquestionably have federal subject matter jurisdiction." *Dixon*, 369 F.3d at 816 (quoting *Mulcahey,* 29 F.3d at 151). Here, state law, not federal, creates the causes of action asserted in Plaintiff's Complaint.

"If . . . state law creates the cause of action, as in the instant case, . . . federal question jurisdiction depends on whether the plaintiff's demand 'necessarily depends on resolution of a *substantial* question of federal law.'" *Mulcahey*, 29 F.3d at 151 (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 28 (1983)) (emphasis added in *Mulcahey*). "[A] case may arise under federal law 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law, . . . but 'only [if] . . . the plaintiff's right to relief *necessarily depends* on a *substantial* question of federal law[.]" *Dixon*, 369 F.3d at 816 (citations omitted).

> Thus, in the absence of another jurisdictional ground, a defendant seeking to remove a case in which state law creates the plaintiff's cause of action must establish two things: (1) that the plaintiff's right to relief necessarily depends on a question of federal law, and (2) that the question of federal law is substantial. If either of these two elements is lacking, removal is improper and the case should be remanded to state court.

*Id.*

Having reviewed Plaintiff's Complaint and considered the parties' arguments, the Court concludes that this case satisfies neither of the foregoing requirements. Ms. Lucas cites various federal statutes and regulations that she contends "establish the standards of care and data-handling duties that Plaintiff alleges were breached." ECF 17 at 1. However, she fails to show that Plaintiff's right to relief necessarily depends upon the resolution of any question of federal law. No question of federal is apparent from the face of Plaintiff's Complaint, *see Rivet*, 522 U.S. at 475, and "[j]urisdiction may not be sustained on a theory that the plaintiff has not advanced[,]" *Merrell Dow*, 478 U.S. at 809 n.6. The Complaint asserts causes of action arising solely under state law,

4

and state law provides an independent basis for relief as to each claim. *See generally* ECF 7. Even if Plaintiff's right to relief depended upon some hidden or implied question of federal law not stated in the Complaint, Ms. Lucas fails to demonstrate that any such federal question is "substantial." *Dixon*, 369 F.3d at 816. Therefore, the Court finds, the instant action does not arise under the federal law and that this Court lacks federal question jurisdiction.

Nor is there diversity jurisdiction. Section 1332 provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1). The instant action is not "between . . . citizens of different States[.]" *Id.* Both Plaintiff and Defendant SG are citizens of Maryland. Ms. Lucas admits that Defendant SG "is incorporated and has its principal place of business in Maryland." ECF 10-1 at 2; *see Navy Fed. Credit Union v. LTD Fin. Servs., LP*, 972 F.3d 344, 360 n.11 (4th Cir. 2020) ("[A] corporation may be a citizen of its State of incorporation or a citizen of both its State of incorporation and its principal place of business . . . ."). Thus, there is a lack of "complete diversity" necessary to confer diversity jurisdiction under § 1332. *See Middel v. Middel*, 471 F. Supp. 3d 688, 693 (D. Md. 2020) ("To have complete diversity, all plaintiffs must be diverse from *all defendants*.") (emphasis added).

In sum, this Court lacks subject matter jurisdiction over this case. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

For the foregoing reasons, it is by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Plaintiff Zachariah Lewis Ross's motion to remand (ECF 13) is GRANTED;

2. Defendant Tiffany Lucas's motion for a hearing (ECF 10) and motion to retain federal jurisdiction (ECF 17) are DENIED;

3. Defendant Tiffany Lucas's motion to proceed in forma pauperis (ECF 2), as supplemented by her motion to reconsider denial of fee waiver (ECF 14), is DENIED as moot;

4. Defendant Tiffany Lucas's motion to transfer a separate civil action filed in the Eastern District of Virginia (ECF 15) is DENIED as moot;

5. This action shall be REMANDED to the Circuit Court for Anne Arundel County, Maryland (Case No. C-02-CV-25-001425);

6. The Clerk shall SEND a copy of this Order to the parties and to the Clerk of the Circuit Court for Anne Arundel County, 8 Church Circle, Annapolis, Maryland 21401; and

7. The Clerk shall CLOSE this case.

It is so ORDERED this __30th__ day of October, 2025.

> /S/
> Matthew J. Maddox
> United States District Judge