IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| ZACHARIAH LEWIS ROSS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civ. No. MJM-25-2936 |
| v. | * | |
| | * | |
| SHADY GROVE REPRODUCTIVE | * | |
| SCIENCE CENTER, P.C., *et al.*, | * | |
| | * | |
| Defendants. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \*

**MEMORANDUM ORDER**

Upon motion of plaintiff Zachariah Lewis Ross ("Plaintiff"), ECF No. 13, this Court entered a Memorandum Order remanding this case to state court, ECF No. 26. Now pending is defendant Tiffany Locus's[1] Motion to Alter or Amend the Judgment under Federal Rule of Civil Procedure 59(e), attacking several independent grounds upon which the Court ordered the remand. ECF No. 28. Plaintiff filed a response in opposition to the motion. ECF No. 29. Defendant Shady Grove Productive Science Center, P.C. ("Defendant SG") also filed a response to the motion, stating that it agreed with the Court's decision to remand the case. ECF No. 30. Ms. Locus filed a reply in support of her motion. ECF No. 31. No hearing is necessary to resolve the motion. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons set forth below, Ms. Locus's motion is denied.

Federal Rule of Civil Procedure 59(e) permits parties to move to alter or amend a court's judgment within twenty-eight days of a judgment. Fed. R. Civ. P. 59(e). A district court may grant

---

[1] In the prior Memorandum Order, the Court misspelled Ms. Locus's name as "Lucas." With apologies, that clerical error is corrected in the instant Memorandum Order.

1

a Rule 59(e) motion "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citations omitted). A Rule 59(e) motion is "an extraordinary remedy which should be used sparingly." *Id.* (citation omitted). Grounds for reconsideration of a judgment are "purposefully narrow" to avoid exhausting the parties' and the Court's resources on the re-litigation of settled matters. *Crocetti v. Comm'r, Soc. Sec. Admin.*, Civ. No. SAG-17-1122, 2018 WL 3973074, at *1 (D. Md. Aug. 1, 2018). "[M]ere disagreement" with the court's ruling is inadequate grounds for reconsideration under Rule 59(e). *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993) (citation omitted). And a Rule 59(e) motion "may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pac. Ins.*, 148 F.3d at 403 (citations omitted).

      Ms. Locus argues that the Court made a "clear factual error" in finding that her notice of removal was filed untimely. ECF No. 28 at 6. She asserts that the "state case-information sheet" noting that she had been served by June 23, 2025, is not proof of service because "Maryland Rule 2-126 requires sworn proof of service filed in the docket . . . [and] [n]o affidavit reflecting service upon [her] was filed in the state docket." *Id.* at 5–6. However, Plaintiff has attached to his response in opposition a sworn proof of service confirming that Ms. Locus was served on June 20, 2025, and, therefore, her notice of removal was in fact untimely. *See* ECF No. 29-1 (Pl.'s Ex. A). Despite Ms. Locus's assertion that Rule 59(e) prohibits Plaintiff from "retroactively supply[ing] evidence to justify a judgment after it has been entered," ECF No. 31 at 1, it is Ms. Locus, not Plaintiff, who is precluded under Rule 59(e) from presenting evidence that was previously available to her before

the Court ruled against her. *See Bank v. M/V "Mothership"*, 427 F. Supp. 3d 655, 659 (D. Md. 2019) (quoting *Matter of Reese*, 91 F.3d 37, 39 (7th Cir. 1996)) ("[A] motion under Rule 59(e) is not authorized 'to enable a party to complete presenting his case after the court has ruled against him.'"). In any event, it cannot be said that the Court misapprehended the relevant facts or misapplied the law in determining that Plaintiff's notice of removal was untimely.

Ms. Locus also argues that the Court made a "clear error of law" in determining that removal was defective because Defendant SG did not consent to removal. ECF No. 28 at 6. She asserts that 28 U.S.C. § 1441(c) "removes the consent requirement when separate and independent claims exist," and the claims against Defendant SG are "separate and independent" from the claims against her. *Id.* She cites to *American Fire & Casualty Co. v. Finn*, 341 U.S. 6 (1951), to support this proposition, but the Supreme Court's holding in that case supports a "restrictive approach to removal under [§ 1441(c)]." *Harford Cnty., Md. v. Harford Mut. Ins. Co.*, 749 F. Supp. 701, 703 (D. Md. 1990) (citations omitted). In *American Fire & Casualty Co.*, the Supreme Court "establish[ed] what has come to be known as the 'single wrong' test": "[W]here there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under 1441(c)." *Id.* (quoting *American Fire & Casualty Co.*, 341 U.S. at 14). Applying this test to the instant matter, it is clear that the wrong for which Plaintiff seeks relief—the misuse of his genetic materials—involves an interlocked series of transactions involving both Ms. Locus and Defendant SG. Given this, the Court cannot find that the claims against Defendant SG were "separate and independent" under § 1441(c). The consent requirement is therefore applicable, and this Court did not err in its determination that removal was defective due to Defendant SG's lack of consent.

3

Lastly, Ms. Locus raises jurisdictional challenges to the Court's Order, asserting that her motion should be granted because the Court incorrectly concluded that federal question jurisdiction did not exist and failed to evaluate her notice of removal under 28 U.S.C. § 1442(a). ECF No. 28 at 6. The Court still finds that Plaintiff's state-law tort claims do not give rise to federal question jurisdiction. Ms. Locus's argument that this Court has jurisdiction under § 1442(a) also lacks merit because there is no allegation in the Complaint, nor any evidence in the record, to support the proposition that, in taking the actions alleged in the Complaint, Ms. Locus was "authorized to act with or for [federal officers or agents] in affirmatively executing duties under . . . federal law." *Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 151 (2007) (quoting *City of Greenwood v. Peacock*, 384 U.S. 808, 824 (1966)). Ms. Locus's reassertion of her substantive jurisdictional arguments is not persuasive, and she has failed to identify any clear legal error the Court made in ordering remand. Her attempt to highlight potential ambiguities in the jurisdictional record actually weighs in favor of finding lack of jurisdiction—not the opposite, as she argues. *See Haslup v. Johns Hopkins Hosp.*, Civ. No. JKB-11-1411, 2011 WL 3648511, at *1 (D. Md. Aug. 5, 2011) (quoting *Richardson v. Philip Morris, Inc.*, 950 F. Supp. 700, 701–02 (D. Md. 1997)) ("On a motion to remand, a court should resolve any doubts about its jurisdiction in favor of remanding to the state court.").

In sum, this Court finds no error in its prior ruling. Even if there was some substantive error, it would not be dispositive because Ms. Locus's notice of removal was untimely; it was filed more than seventy days after she received a copy of the Complaint. *See* 28 U.S.C. § 1446 (requiring that notice of removal "be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based"); *Scott v. Greiner*, 858 F. Supp. 607, 609 (S.D.W. Va. 1994) ("[I]f the defendant files an

untimely notice of removal, the action must be remanded to the state court."). Therefore, the Court finds that Ms. Locus is not entitled to the "extraordinary" relief of amendment or alteration of the Court's Order under Rule 59(e). *Id.*

Accordingly, it is by the United States District Court for the District of Maryland hereby ORDERED that Ms. Locus's Motion to Alter or Amend under Federal Rule of Civil Procedure 59(e) is DENIED.

It is so ORDERED this  30th  day of December 2025.


　　　　　　　　　　　　　　　　　　　　　/S/
　　　　　　　　　　　　　　　　　　Matthew J. Maddox
　　　　　　　　　　　　　　　　　　United States District Judge